# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 1:09-CV-687 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| YATES CONSTRUCTION COMPANY, INC. | **JURY TRIAL DEMAND** |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Rodney McCants and other similarly situated current and/or former employees who were adversely affected by the practices. The U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Yates Construction Company, Inc. ("Defendant") discriminated against Rodney McCants and other similarly situated employees by subjecting them to a racially hostile work environment because of their race, African-American. The Commission further alleges that Defendant discharged Mr. McCants in retaliation for him complaining about the racially hostile work environment. Finally, the Commission alleges that Defendant violated Title I of the Americans with Disabilities Act of 1990 ("ADA"), by making prohibited, pre-employment medical inquiries on its employment application.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Stokesdale and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Rodney McCants filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around May 2007 until around April 2008, Defendant engaged in unlawful employment practices at various worksites in North Carolina in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, Defendant subjected Rodney McCants to discrimination based on his race, African-American, by subjecting him to severe or pervasive racial comments that created a racially hostile work environment. The racial comments included name calling, such as "nigger," "dumb ass nigger," "dumb motherfucking boy," "stupid ass motherfucking nigger," and "dumb ass boy," as well as racial jokes. McCants was offended by the racial comments and jokes which were unwelcome to him, and in fact requested a transfer on more than one occasion to get away from the racial harassment. The harassment was perpetrated by three individuals: McCants' direct supervisor, Defendant's General Superintendent and one of McCants' co-workers, all of whom are Caucasian.. McCants complained about the co-worker harassment to his direct supervisor in or around November 2007. Soon thereafter, McCants complained to Defendant's owner, Defendant's superintendent, and Defendant's project manager about the racially derogatory comments being made by both the co-worker and Mr. McCants' direct supervisor. Despite these complaints, the racial harassment continued. Also, in or around April 2008, Charging Party complained to Defendant's Vice-President about the racial harassment, but the harassment continued. Finally, members of Defendant's management and supervisory personnel witnessed some of the racially derogatory comments that were said to and around McCants. Despite the fact that Defendant knew or reasonably should have known about the racially hostile work environment that McCants was being subjected to, Defendant failed to take prompt or effective action to stop it.

8. On or about April 14, 2008, Defendant engaged in unlawful employment practices at its Stokesdale, North Carolina facility in violation of Section 703(a)(1) of Title VII,

42 U.S.C. §2000e-2(a)(1) when it discharged Rodney McCants because he opposed employment practices made unlawful by Title VII. Specifically, as noted above, McCants complained about the racial harassment that he was being subjected to in or around November 2007 and in or around April 2008. In April 2008, in conjunction with his complaint, McCants requested a transfer to a different crew to get away from the racial harassment. Defendant told McCants that it would consider his request and it would contact McCants and let him know when to return to work and whether he would be transferred. However, Defendant never returned McCants to work. As a result of McCants' complaints, Defendant discharged McCants in retaliation for complaining about the racial harassment.

9. In addition to subjecting McCants to racial harassment that created a racially hostile work environment, Defendant allowed a known racially hostile work environment to exist at its worksites beginning in at least 2007, that affected other similarly situated African-American employees. Specifically, Defendant subjected African-American employees to conduct that included, but was not limited to, being called racially derogatory names such as "nigger" and "boy." The racial slurs and other racially derogatory conduct and comments were offensive and unwelcome to the African-American employees, and was perpetrated on a daily or almost daily basis for periods of at least two months.

10. The effect of the practices complained of in paragraphs 7, 8, and 9 above has been to deprive Rodney McCants and the other similarly situated African-American employees of equal employment opportunities and otherwise adversely affect their status as an employee because of their race, African-American.

11. The unlawful employment practices complained of in paragraphs 7, 8, and 9 above were intentional.

12. The unlawful employment practices complained of in paragraphs 7, 8 and 9 above were done with malice or with reckless indifference to the federally protected rights of Rodney McCants and the other similarly situated African-American employees.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a racially hostile work environment or from any other employment practice that discriminates on the basis of race, and from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Rodney McCants by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 7 and 8 above, including but not limited to reinstatement or front pay for Mr. McCants.

D. Order Defendant to make whole Rodney McCants and other similarly situated African-American employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7, 8 and 9 above, including medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Rodney McCants and other similarly situated African-American employees, by providing compensation for past and future non-pecuniary

losses resulting from the unlawful practices complained of in paragraphs 7, 8 and 9 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F.  Order Defendant to pay Rodney McCants and other similarly situated African-American employees, punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from making prohibited, pre-employment medical inquiries on its employment application.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

6

Case 1:09-cv-00687-WWD    Document 1    Filed 09/09/09    Page 6 of 7

DATED this the 9th day of September, 2009.

        Respectfully submitted,

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        131 M Street, NE
        Washington, DC 20507

        s/ Lynette A. Barnes
        LYNETTE A. BARNES (NC Bar # 19732)
        Regional Attorney

        TINA BURNSIDE
        Supervisory Trial Attorney

        s/ Stephanie M. Jones
        STEPHANIE M. JONES (GA Bar #403598)
        Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Charlotte District Office
        129 West Trade Street, Suite 400
        Charlotte, North Carolina 28202
        (704) 344-6886 (Direct Dial)
        (704) 344-6870 (Facsimile)
        Stephanie.jones@eeoc.gov

        **ATTORNEYS FOR PLAINTIFF**